Misty Perry Isaacson, CA SBN 193204
**PAGTER AND PERRY ISAACSON**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, California 92701
Telephone: (714) 541-6072
Facsimile:   (714) 541-6897
Email: misty@ppilawyers.com

Attorneys for Peter M. Seltzer,
Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>PETER M. SELTZER<br><br>Debtor(s). | Case No.: 2:19-bk-11696-VK<br><br>Chapter 7<br><br>MOTION FOR ORDER APPROVING SETTLEMENT BETWEEN PETER M. SELTZER AND DARREN KESSLER; DECLARATION OF MISTY PERRY ISAACSON IN SUPPORT THEREOF<br><br>[Motion Filed Pursuant to LBR 9013-1(o)] |

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 7 TRUSTEE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

Peter M. Seltzer ("Debtor") and Darren Kessler ("Kessler") (collectively the "Parties") submit this Motion for Order Approving Settlement Agreement and Mutual Release ("Motion") and request entry of an order approving the Settlement Agreement and Mutual Release executed between the Parties ("Settlement Agreement").

**I.**

**INTRODUCTION**

Under the terms of the Settlement Agreement, the Parties have agreed, in summary, that:

- 1 -

1. Kessler's Proof of Claim No. 7, as amended, will be reduced to $750,000 ("Stipulated Claim") as a complete and final settlement of Debtor's objection to the same and any amendments thereto (the "Kessler Claim Objection," Dkt. No. 187);

2. The Adversary Action filed by Kessler against the Debtor, which seeks a determination of the dischargeability of debt under 11 U.S.C. § 523(a)(4) and denial of discharge under 11 U.S.C. §§ 727(a)(2), (a)(4), and (a)(5) (First Amended Complaint Dkt. No. 38), shall be dismissed *with prejudice*; and

3. Kessler's Motion to Compel discovery (Dkt. No. 65) and the Debtor's opposition thereto (Dkt. No. 77) shall be stayed pending the resolution of the within Motion.  Upon approval of the Motion, Kessler shall file a withdrawal *with prejudice* of the Motion to Compel.

A true and correct copy of the Settlement Agreement is attached and incorporated by reference as Exhibit 1 to the Declaration of Misty Perry Isaacson.

## II.

## **STATEMENT OF FACTS**

1. On July 9, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the case titled *In re Peter M. Seltzer*, Case No. 2:19-bk-11696-VK (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). On December 26, 2019, the Court entered an order (Dkt. No. 98) converting the Bankruptcy Case to one under chapter 7.

2. Kessler is an alleged creditor of the Debtor, asserting a claim arising from obligations under a promissory note, among other things. On November 12, 2019, Kessler timely filed Proof of Claim No. 7, asserting a claim in the sum of $840,767.20 (the "Kessler Claim"). On June 26, 2020, Kessler amended the Kessler Claim, asserting a claim in the sum of $1,038,762.36. On March 17, 2021, Kessler amended the Kessler Claim, asserting a claim in the sum of $860,986.62.

3. On October 28, 2020, the Debtor filed a *Motion of Objection against $800,000 Claim by Creditor Darren Kessler* (the "Kessler Claim Objection," Dkt. No. 187). The Debtor did not schedule or provide notice of a hearing on the Kessler Claim Objection.

4.      On December 16, 2019, Kessler timely filed his complaint for determination of nondischargeability of debt under 11 U.S.C. § 523 and denial of discharge under 11 U.S.C. § 727, commencing the adversary proceeding styled *Kessler v. Seltzer*, Adv. Case No. Dismiss Kessler's complaint (Dkt. No. 5). By order entered on May 13, 2020 (Dkt. No. 16), the Court dismissed Kessler's claims for relief under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and 727(a)(5) with leave to amend.

5.      On May 12, 2020, Kessler filed his first amended complaint (the "FAC," Dkt. No. 15). On June 16, 2020, Seltzer filed a Motion to Dismiss Kessler's FAC (Dkt. No. 25). By order entered on August 18, 2020 (Dkt. No. 37), the Court dismissed Kessler's claim for relief under 11 U.S.C. § 523(a)(2)(A) with leave to amend and Kessler's claim for relief under 11 U.S.C. § 523(a)(6) without leave to amend.

6.      On August 19, 2020, the Debtor filed an answer to the FAC (Dkt. No. 38).

7.      On January 26, 2021, Kessler timely served Seltzer with written discovery requests in the Adversary Action, including Requests for Admission ("RFAs"), Interrogatories and Requests for Production of Documents ("RPDs," and together with the RFAs and Interrogatories, the "Discovery Requests").

8.      Kessler claims that the Debtor did not provide any responses to Kessler's timely-served Discovery Requests, including the RFAs, Interrogatories and RPDs. Seltzer contends that he agreed to provide responses to the Discovery Requests, but was unable to agree with Kessler of a date for delivery of such responses.

9.      On March 31, 2021, Kessler filed his *Motion for Order: (1) Compelling Defendant to Respond to Plaintiff's First Set of Requests for Production of Documents and Interrogatories; (2) Compelling Defendant to Appear for Oral Examination; (3) Continuing Discovery Cutoff Deadline; and (4) Awarding Plaintiff Discovery Sanctions against Defendant* (the "Motion to Compel," Dkt. No. 65). The hearing on the Motion to Compel was noticed for April 21, 2021.

10.      Upon request of the Debtor, the Parties filed a Stipulation (Dkt. No. 72) to extend the deadlines for the Debtor and Kessler to file an opposition to and reply in support of,

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

respectively, the Motion to Compel. In the Order approving the Stipulation in part (Dkt. No. 75), the Court continued the hearing on the Motion to Compel to May 5, 2021.

11. The Debtor filed an Opposition to the Motion to Compel on April 13, 2021 (Dkt. No. 77). Kessler filed his Reply to the Debtor's Opposition and in support of the Motion to Compel on April 21, 2021 (Dkt. No. 79). A continued hearing on the Motion to Compel is currently set for June 9, 2021 at 2:30 p.m.

12. Subject to this Court's approval, on or about May 6, 2021, the Parties entered into a Settlement Agreement, which terms are set forth in summary above and specifically detailed in the Settlement Agreement attached and incorporated by reference as Exhibit A to the Declaration of Misty Perry Isaacson.

### III.

### **LEGAL ARGUMENT**

The Court of Appeals for the Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." *Martin v. Cain (In re A&C Properties)*, 784 F.2d. 1377, 1382 (9th Cir. 1986) cert. denied sub nom, *Martin v. Robinson*, 479 U.S. 854 (1986); See also, *Woodson v. Fireman's Fund Insurance Company (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) and *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 421 (9th Cir. BAP 1997). "The purpose of a compromise agreement is . . . to avoid the expenses and the burdens associated with litigating sharply contested and dubious claims." *Id.* Accordingly, in approving a settlement agreement, the court need not conduct an exhaustive investigation of the claims sought to be compromised. *In re Walsh Constr., Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982). In approving a compromise, a bankruptcy court must find that the compromise is fair and equitable and that the negotiations between the parties were conducted in good faith. *In re A & C Properties*, 784 F.2d at 1380-81.

The Ninth Circuit Court of Appeals and the Bankruptcy Appellate Panel for the Ninth Circuit have consistently held that a Bankruptcy Court must consider four factors in determining whether to approve a compromise:

(a) The probability of success in the litigation;

PPI Law
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701

(b) The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it;

(d) The paramount interest of the creditors and a proper deference to their reasonable views.

*In re A&C Properties, supra,* at 1381; *In re Woodson, supra* at 620; *In re Schmitt, supra,* at 421.

### A. The Probability of Success in Litigation

The Parties understand the risks inherent in any litigation. Without settlement, the Parties would have had to fully litigate the issues set forth in FAC, the Motion to Compel, and the Kessler Claim Objection (collectively the "Litigation") and perhaps respond to appeals. The Litigation between the parties has already proceeded for almost 1.5 years and does not appear to be close to a final resolution. The probability of success in the Litigation is difficult to determine, yet this settlement will provide a mechanism for the Parties to globally resolve their disputes. As such, the Parties believe it is in their best interest to avoid the cost of the Litigation and settle this matter on the terms stated herein and in the Settlement Agreement.

### B. The Difficulties, if any, to be Encountered in the Matter of Collection

In this case, the Trustee has limited assets to distribute to creditors. Kessler is one creditor, among others, seeking payment of their allowed claims. Unless the Court determines the alleged debt owing Kessler is nondischargeable or denies the Debtor's discharge, Kessler will have no other mechanism to collect upon its alleged claim against the Debtor. The Settlement Agreement represents an opportunity for the Debtor to receive his discharge and for Kessler to receive the maximum recovery possible without further litigation.

### C. The Complexity of the Litigation Involved

Rather than delay the matter and incur expenses or resources related to the Litigation, the Parties determined that the settlement reached is fair and reasonable. Here, the Parties have been able to resolve this Litigation without having to pursue the complex nature of prosecuting and defending dischargeability and claims litigation. Based thereon, the Parties

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA
92701

believe believes the proposed settlement is the most expedient and cost effective method for resolving the dispute.

### D. The Interests of Creditors

The paramount interest of creditors, which a bankruptcy court must consider in deciding whether to approve a proposed settlement, generally reflects not only the desire of creditors to obtain the maximum possible recovery, but also their competing desire that the recovery should occur in the least amount of time possible. *In re Marples,* 266 B.R. 202, 207 (Bankr.D.Idaho 2001). Here, the settlement resolves the Kessler Claim Objection and will likely reduce the time needed for the closing of the bankruptcy estate. In addition, the roughly $110,000 reduction in Kessler's allowed claim increases the distribution to other allowed creditors. As such, the settlement is in the mutual interest of Parties and the remaining creditor body.

## IV.
## CONCLUSION

WHEREFORE, the Parties respectfully pray that this Honorable Court enter an Order approving the Settlement Agreement; and for such other and further relief as the Court deems just and proper.

Dated: May 11, 2021

Respectfully submitted,

**PAGTER AND PERRY ISAACSON**

/s/ Misty Perry Isaacson

_____
Misty Perry Isaacson
Attorneys for Debtor, Peter M. Seltzer

## DECLARATION OF MISTY PERRY ISAACSON

I, Misty Perry Isaacson, declare as follows:

1. I am an individual over the age of eighteen, and am an attorney licensed to practice law in the State of California and the United States District Court for the Central District of California. I am general bankruptcy counsel of record for the Debtor Peter M. Seltzer. Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents, including the documents provided to me by the Debtor and filed with the United States Bankruptcy Court. If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

2. I make this declaration in support of the attached Motion for Order Approving Settlement ("Motion") between Peter M. Seltzer ("Debtor") and Darren Kessler ("Kessler").

3. On July 9, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the case titled *In re Peter M. Seltzer*, Case No. 2:19-bk-11696-VK (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). On December 26, 2019, the Court entered an order (Dkt. No. 98) converting the Bankruptcy Case to one under chapter 7.

4. Kessler is an alleged creditor of the Debtor, asserting a claim arising from obligations under a promissory note, among other things. On November 12, 2019, Kessler timely filed Proof of Claim No. 7, asserting a claim in the sum of $840,767.20 (the "Kessler Claim"). On June 26, 2020, Kessler amended the Kessler Claim, asserting a claim in the sum of $1,038,762.36. On March 17, 2021, Kessler amended the Kessler Claim, asserting a claim in the sum of $860,986.62.

5. On October 28, 2020, the Debtor filed a *Motion of Objection against $800,000 Claim by Creditor Darren Kessler* (the "Kessler Claim Objection," Dkt. No. 187). The Debtor did not schedule or provide notice of a hearing on the Kessler Claim Objection.

6. On December 16, 2019, Kessler timely filed his complaint for determination of nondischargeability of debt under 11 U.S.C. § 523 and denial of discharge under 11 U.S.C. § 727, commencing the adversary proceeding styled *Kessler v. Seltzer*, Adv. Case No. Dismiss

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA
92701

Kessler's complaint (Dkt. No. 5). By order entered on May 13, 2020 (Dkt. No. 16), the Court dismissed Kessler's claims for relief under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and 727(a)(5) with leave to amend.

7.  On May 12, 2020, Kessler filed his first amended complaint (the "FAC," Dkt. No. 15). On June 16, 2020, Seltzer filed a Motion to Dismiss Kessler's FAC (Dkt. No. 25). By order entered on August 18, 2020 (Dkt. No. 37), the Court dismissed Kessler's claim for relief under 11 U.S.C. § 523(a)(2)(A) with leave to amend and Kessler's claim for relief under 11 U.S.C. § 523(a)(6) without leave to amend.

8.  On August 19, 2020, the Debtor filed an answer to the FAC (Dkt. No. 38).

9.  On January 26, 2021, Kessler timely served Seltzer with written discovery requests in the Adversary Action, including Requests for Admission ("RFAs"), Interrogatories and Requests for Production of Documents ("RPDs," and together with the RFAs and Interrogatories, the "Discovery Requests").

10.  Kessler claims that the Debtor did not provide any responses to Kessler's timely-served Discovery Requests, including the RFAs, Interrogatories and RPDs. Seltzer contends that he agreed to provide responses to the Discovery Requests, but was unable to agree with Kessler of a date for delivery of such responses.

11.  On March 31, 2021, Kessler filed his *Motion for Order: (1) Compelling Defendant to Respond to Plaintiff's First Set of Requests for Production of Documents and Interrogatories; (2) Compelling Defendant to Appear for Oral Examination; (3) Continuing Discovery Cutoff Deadline; and (4) Awarding Plaintiff Discovery Sanctions against Defendant* (the "Motion to Compel," Dkt. No. 65). The hearing on the Motion to Compel was noticed for April 21, 2021.

12.  Upon request of the Debtor, the Parties filed a Stipulation (Dkt. No. 72) to extend the deadlines for the Debtor and Kessler to file an opposition to and reply in support of, respectively, the Motion to Compel. In the Order approving the Stipulation in part (Dkt. No. 75), the Court continued the hearing on the Motion to Compel to May 5, 2021.

13.  The Debtor filed an Opposition to the Motion to Compel on April 13, 2021 (Dkt. No. 77). Kessler filed his Reply to the Debtor's Opposition and in support of the Motion to Compel on

PPI Law
525 N. Cabrillo
Park Drive,
Suite 104
Santa Ana, CA
92701

- 8 -

April 21, 2021 (Dkt. No. 79). A continued hearing on the Motion to Compel is currently set for June 9, 2021 at 2:30 p.m.

14. Subject to this Court's approval, on or about May 6, 2021, the Parties entered into a Settlement Agreement, which terms detailed in the true and correct copy of the Settlement Agreement attached hereto as Exhibit 1.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of May 2021.

/s/ Misty Perry Isaacson
_____
Misty Perry Isaacson

# EXHIBIT 1

Exhibit 1

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Settlement Agreement") is made and entered into as of this 3rd day of May, 2021, by and between Darren Kessler ("Kessler"), on the one hand, and Peter M. Seltzer ("Seltzer" or the "Debtor"), on the other hand. Kessler and Seltzer are referred to individually as "Party" and collectively as the "Parties."

## RECITALS

A.      On July 9, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the case titled *In re Peter M. Seltzer*, Case No. 2:19-bk-11696-VK (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). On December 26, 2019, the Court entered an order (Dkt. No. 98) converting the Bankruptcy Case to one under chapter 7.

B.      Kessler is an alleged creditor of the Debtor, asserting a claim arising from obligations under a promissory note, among other things. On November 12, 2019, Kessler timely filed Proof of Claim No. 7, asserting a claim in the sum of $840,767.20 (the "Kessler Claim"). On June 26, 2020, Kessler amended the Kessler Claim, asserting a claim in the sum of $1,038,762.36. On March 17, 2021, Kessler amended the Kessler Claim, asserting a claim in the sum of $860,986.62.

C.      On October 28, 2020, the Debtor filed a *Motion of Objection against $800,000 Claim by Creditor Darren Kessler* (the "Kessler Claim Objection," Dkt. No. 187). The Debtor did not schedule or provide notice of a hearing on the Kessler Claim Objection.

D.      On December 16, 2019, Kessler timely filed his complaint for determination of nondischargeability of debt under 11 U.S.C. § 523 and denial of discharge under 11 U.S.C. § 727, commencing the adversary proceeding styled *Kessler v. Seltzer*, Adv. Case No. 1:19-ap-01151-VK (the "Adversary Action"). On February 4, 2020, Seltzer filed a Motion to

1

Exhibit 1

Dismiss Kessler's complaint (Dkt. No. 5).  By order entered on May 13, 2020 (Dkt. No. 16), the Court dismissed Kessler's claims for relief under 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), and 727(a)(5) with leave to amend.

    E. On May 12, 2020, Kessler filed his first amended complaint (the "FAC," Dkt. No. 15).  On June 16, 2020, Seltzer filed a Motion to Dismiss Kessler's FAC (Dkt. No. 25).  By order entered on August 18, 2020 (Dkt. No. 37), the Court dismissed Kessler's claim for relief under 11 U.S.C. § 523(a)(2)(A) with leave to amend and Kessler's claim for relief under 11 U.S.C. § 523(a)(6) without leave to amend.

    F. On August 19, 2020, the Debtor filed an answer to the FAC (Dkt. No. 38).

    G. On January 26, 2021, Kessler timely served Seltzer with written discovery requests in the Adversary Action, including Requests for Admission ("RFAs"), Interrogatories and Requests for Production of Documents ("RPDs," and together with the RFAs and Interrogatories, the "Discovery Requests").

    H. Kessler claims that the Debtor did not provide any responses to Kessler's timely-served Discovery Requests, including the RFAs, Interrogatories and RPDs.  Seltzer contends that he agreed to provide responses to the Discovery Requests, but was unable to agree with Kessler of a date for delivery of such responses.

    I. On March 31, 2021, Kessler filed his *Motion for Order: (1) Compelling Defendant to Respond to Plaintiff's First Set of Requests for Production of Documents and Interrogatories; (2) Compelling Defendant to Appear for Oral Examination; (3) Continuing Discovery Cutoff Deadline; and (4) Awarding Plaintiff Discovery Sanctions against Defendant* (the "Motion to Compel," Dkt. No. 65).  The hearing on the Motion to Compel was noticed for April 21, 2021.

    J. Upon request of the Debtor, the Parties filed a Stipulation (Dkt. No. 72) to extend the deadlines for the Debtor and Kessler to file an opposition to and reply in support of,

Exhibit 1

respectively, the Motion to Compel. In the Order approving the Stipulation in part (Dkt. No. 75), the Court continued the hearing on the Motion to Compel to May 5, 2021.

K.   The Debtor filed an Opposition to the Motion to Compel on April 13, 2021 (Dkt. No. 77). Kessler filed his Reply to the Debtor's Opposition and in support of the Motion to Compel on April 21, 2021 (Dkt. No. 79).

L.   The Parties now desire and intend to settle, compromise, and resolve the claims between them, including the Kessler Claim, the Kessler Claim Objection, the Motion to Compel and the Adversary Action.

NOW, THEREFORE, in consideration of the representations, warranties, promises and obligations contained herein, the Parties, contingent upon and subject to approval by the Bankruptcy Court, hereby agree as follows:

1.   <u>Reduction and Allowance of Kessler Claim</u>.

   a.   Within seven (7) days after entry of the 9019 Order (defined in paragraph 4, below), Kessler shall amend the Kessler Claim to a general, unsecured, non-priority claim in the reduced amount of $750,000.00. The Debtor hereby acknowledges and accepts the Kessler Claim, as amended in accordance with this Settlement Agreement, as a valid and enforceable claim against the Debtor and the Debtor's bankruptcy estate, and the Debtor shall not file, nor cause to be filed, nor assist any third party or entity to file, any objection or motion for disallowance, in whole or in part, of the amended Kessler Claim.

   b.   The Debtor hereby agrees that, upon execution of this Settlement Agreement, no further action shall be taken by the Debtor with respect to the Kessler Claim Objection, including filing any additional or supplemental papers or scheduling a hearing, until after entry of the Dismissal Order (defined in paragraph 3, below), whereupon the Debtor, within three (3) days, shall file a Notice of Withdrawal *with prejudice* of the Kessler Claim Objection.

2. <u>Stay and Withdrawal of Motion to Compel</u>.

    a. Concurrently with the execution of this Settlement Agreement, the Parties shall execute a stipulation to continue the hearing on the Motion to Compel to a mutually-agreed upon date that will allow sufficient time for the Debtor to obtain approval of this Settlement Agreement. The Parties further agree, and the stipulation shall provide that, while approval of this Settlement Agreement is pending, all matters and proceedings related to the Motion to Compel shall be stayed.

    b. Fifteen (15) days after entry of the 9019 Order (defined in para. 4 below), assuming no appeal, Kessler shall file a withdrawal *with prejudice* of the Motion to Compel.

3. <u>Dismissal of Adversary Action</u>. The Parties hereby agree that, upon final approval of this Settlement Agreement, the Adversary Action shall be dismissed *with prejudice*. Concurrently with the execution of this Settlement Agreement, the Parties shall execute the Stipulation to Dismiss the Adversary Action (the "Dismissal Stipulation"), in the form attached hereto as Exhibit 1. Fifteen (15) days after entry of the 9019 Order, assuming no appeal, Kessler shall file the Dismissal Stipulation, as executed by both Parties, and lodge the proposed order (the "Dismissal Order") with the Bankruptcy Court.

4. <u>Bankruptcy Court Approval</u>. Within three (3) business days of the Parties' execution of this Settlement Agreement, the Debtor shall file a motion in the Bankruptcy Court seeking approval of the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019. This Settlement Agreement (including the releases describe herein) shall be effective when an order is entered and final by the Bankruptcy Court approving this Settlement Agreement (the "9019 Order").

5. <u>Mutual General Releases</u>.

    a. Subject only to the obligations set forth in this Settlement Agreement, the Debtor, on behalf of himself and his present and former partners, affiliates,

Exhibit 1

representatives, attorneys, agents, assigns, and all other entities or persons acting by, through, or in concert with him, hereby releases Kessler, and all of his present and former partners, affiliates, representatives, attorneys, agents, assigns, and all other entities or persons acting by, through, or in concert with him, from any and all claims, demands, debts, losses, obligations, liabilities, costs, expenses, fees, and causes of action, of any kind or character whatsoever, whether known or unknown, suspected or unsuspected, that arose on or prior to the date of this Settlement Agreement (hereinafter the "Released Claims").

        b.     Subject only to obligations set forth in this Settlement Agreement, and except for the Kessler Claim, Kessler, on behalf of himself and his present and former partners, affiliates, representatives, attorneys, agents, assigns, and all other entities or persons acting by, through, or in concert with him, hereby releases the Debtor, and all of his present and former partners, affiliates, representatives, attorneys, agents, assigns, and all other entities or persons acting by, through, or in concert with him, from the Released Claims; *provided, however,* that the Released Claims do not include the Kessler Claim, as amended.

        6.     <u>Waiver of California Civil Code Section 1542</u>. In entering into this Settlement Agreement, the Parties, and each of them, expressly waive all rights that they have or may have with respect to the Released Claims under California Civil Code Section 1542 or under any other similar state or federal statute or under any common law principle of similar effect. California Civil Code Section 1542 provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The consequences of the foregoing waiver have been explained by counsel to the Parties. The Parties, and each of them, acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to the Released Claims,

Exhibit 1

and agree that this Settlement Agreement and the releases contained herein shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

7. **No Assignment.** The Debtor hereby represents to Kessler and Kessler hereby represents to the Debtor that they have not assigned, transferred, pledged, or hypothecated (or purported to assign, transfer, pledge, or hypothecate) to any entity or individual, any of their rights and obligations under the Released Claims or the Kessler Claim.

8. **Voluntary Action With Advice of Counsel.** The Parties have entered into this Settlement Agreement freely and voluntarily and after having consulted with counsel or having had the opportunity to consult with counsel. The Parties appreciate and understand the terms contained in this Settlement Agreement and are fully satisfied with those terms as set forth herein.

9. **Attorneys' Fees, Costs, and Expenses.** Except as expressly provided herein, each Party shall bear his own attorneys' fees, costs, and expenses incurred in connection with the Bankruptcy Case, the Adversary Action and the negotiation, drafting, and execution of this Settlement Agreement.

10. **Dispute Resolution.** The Parties agree that any disputes arising out of or in any way related to the enforceability, application, interpretation, or breach of this Settlement Agreement shall be resolved by the Bankruptcy Court.

11. **Construction.** This Settlement Agreement shall not be construed in favor or against any of the Parties based on which of them drafted any of its provisions. This Settlement Agreement shall not be deemed to be prepared or drafted by one Party or another for purposes of California Civil Code Section 1654.

12. **Entire Agreement; Amendment.** This Settlement Agreement is the final, complete, and exclusive agreement of the Parties with respect to the subject matter hereof and supersedes and merges all prior or contemporaneous representations, discussions, proposals, negotiations, conditions, communications, and agreements, whether written or oral, between the Parties relating to the subject matter hereof and all past courses of dealing or industry custom. No

6

Exhibit 1

modification of or amendment to this Settlement Agreement shall be effective unless in writing and signed by each of the Parties.

13. <u>Execution in Counterparts</u>. This Settlement Agreement may be executed in counterparts. Each of said counterparts, when so executed and delivered, shall be deemed an original and, taken together, shall constitute but one and the same instrument.

14. <u>Signatures</u>. The signatures to this Settlement Agreement may be evidenced by scanned, PDF, or facsimile copies reflecting the signatures hereto.

15. <u>Captions</u>. The captions to the paragraphs of this Settlement Agreement and the title of the Settlement Agreement itself are solely for convenience, are not a part of this Settlement Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Settlement Agreement or any provision hereof.

16. <u>Settlement of Disputed Claims</u>. The terms and provisions hereof are intended to resolve potentially and disputed rights and claims, including the Kessler Claim and the Adversary Action, without the expense and uncertainty of litigation. Other than the agreed allowance of the reduced Kessler Claim, as set forth in Paragraph 1 of this Settlement Agreement, neither party admits liability or obligation, all of which are strictly and mutually denied.

17. <u>No Third Party Beneficiaries</u>. The recitations, acknowledgments and agreements contained herein are to be interpreted only in the context of this Settlement Agreement and the disputes which led to it. Except as expressly provided herein, nothing herein is intended to benefit or burden any party or entity other than the parties hereto and their successors in interest.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date first above written.

_____          _____
Peter M. Seltzer                                              Darren Kessler

7

Exhibit 1

modification of or amendment to this Settlement Agreement shall be effective unless in writing and signed by each of the Parties.

13. **Execution in Counterparts**. This Settlement Agreement may be executed in counterparts. Each of said counterparts, when so executed and delivered, shall be deemed an original and, taken together, shall constitute but one and the same instrument.

14. **Signatures**. The signatures to this Settlement Agreement may be evidenced by scanned, PDF, or facsimile copies reflecting the signatures hereto.

15. **Captions**. The captions to the paragraphs of this Settlement Agreement and the title of the Settlement Agreement itself are solely for convenience, are not a part of this Settlement Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Settlement Agreement or any provision hereof.

16. **Settlement of Disputed Claims**. The terms and provisions hereof are intended to resolve potentially and disputed rights and claims, including the Kessler Claim and the Adversary Action, without the expense and uncertainty of litigation. Other than the agreed allowance of the reduced Kessler Claim, as set forth in Paragraph 1 of this Settlement Agreement, neither party admits liability or obligation, all of which are strictly and mutually denied.

17. **No Third Party Beneficiaries**. The recitations, acknowledgments and agreements contained herein are to be interpreted only in the context of this Settlement Agreement and the disputes which led to it. Except as expressly provided herein, nothing herein is intended to benefit or burden any party or entity other than the parties hereto and their successors in interest.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date first above written.

_____        _____
Peter M. Seltzer                                              Darren Kessler

7

Exhibit 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **525 N. Cabrillo Park Drive, Suite 104, Santa Ana, CA 92701**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER APPROVING SETTLEMENT BETWEEN PETER M. SELTZER AND DARREN KESSLER; DECLARATION OF MISTY PERRY ISAACSON IN SUPPORT THEREOF [MOTION FILED PURSUANT TO LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/11/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Adam N Barasch**    anb@severson.com, cas@severson.com;nye@severson.com
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Jorge A Gaitan**    ecf@bg.law, jgaitan@bg.law
- **Rebecca Y Lawlor**    , silvia.cerna@nortonrosefulbright.com
- **Harris M Madnick**    hmmadnick@kramarmadnick.com
- **Noreen A Madoyan**    Noreen.Madoyan@usdoj.gov
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Monserrat Morales**    Monsi@MarguliesFaithLaw.com, Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- **William M Noall**    BKnotices@gtg.legal, wnoall@gtg.legal
- **David Seror**    dseror@bg.law, ecf@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Diane C Weil (TR)**    dcweil@dcweillaw.com, DCWTrustee@dcweillaw.com,dweil@iq7technology.com,alopez@dcweillaw.com;ecf.alert+Weil@titlexi.com
- **Robert P Zahradka**    caecf@tblaw.com

☐ Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/11/2021 | IMELDA BYNOG | /s/ *Imelda Bynog* |
|---|---|---|
| Date | Printed Name | Signature |

PPI Law
525 N. Cabrillo Park Drive,
Suite 104
Santa Ana, CA 92701